The City of Logansport v. Humphrey.

84 467
162 44

No. 9150.

## THE CITY OF LOGANSPORT v. HUMPHREY.

TAX SALE.—*City.*—*Caveat Emptor.*—The purchaser at a city tax sale assumes all risk, and, if. the sale proves invalid, has no remedy against the municipality.

SAME.—*City Can Not be Purchaser.*—*Agreement with Purchaser.*—A municipal corporation, without express power conferred by statute, can. not be a purchaser at a sale for taxes due the corporation; nor can it bind itself by an agreement to warrant the title of a purchaser at such sale. No such power is conferred by the statutes of this State.

SAME.—*Municipal Powers Must be Exercised in Mode Prescribed.*—A power given to a municipality to sell property for delinquent taxes, like other powers, can be exercised only in the mode prescribed by statute, if there be such mode.

From the Cass Circuit Court

*D. C. Justice,* for appellant.

WOODS, C. J.—Appeal from a judgment upon a complaint in two paragraphs. Each paragraph was demurred to, and the question is whether either paragraph states facts sufficient to constitute a cause of action.

In the first paragraph it is alleged in substance, that, for the purpose of collecting delinquent taxes due the city upon the property of John T. Musselman, for the years 1866 to 1871 inclusive, the city treasurer had levied upon and advertised for sale certain described property; that the plaintiff attended the sale as a bidder, believing that said property was in fact the property of said Musselman, and having no means of knowing the contrary; that the city treasurer so represented the ownership, and " at the time, on behalf of the defendant, guaranteed the plaintiff, in case he should bid on the same and buy at such sale said property, possession thereof, which action was ratified by the common council of said city, as appears by record of said council," a copy of which is filed with and made a part of the complaint; that, relying on said representation and guaranty, the plaintiff bid off the property for $1,020, that being the highest and best bid; that he paid said sum at

the time to the treasurer and took his receipt therefor, and the said treasurer paid the same over into the treasury of the defendant, who has ever since held the same; that said property was not the property, nor subject to sale for the taxes, of said Musselman; that the plaintiff commenced a replevin suit therefor, but failed therein, and the consideration for the money so paid to and received by the defendant has wholly failed, and the said city is therefore indebted to him for said sum, with interest; that he has demanded payment, etc.

The second paragraph alleges substantially the same facts as the first, and further, that the property so bid off by the plaintiff was of the value of $5,000; that the plaintiff was put to large expense in prosecuting the suit for possession, for which he demands judgment against the defendant, predicating his demand upon the alleged guaranty of possession alleged to have been made by the city treasurer at the time of the sale.

Exhibit B, referred to in each paragraph of the complaint, is as follows:

" November 27th, 1872.—Mr. Dykeman moved that Mr. A. E. Taylor, city treasurer, be authorized to bid on the printing office, effects of the Sun printing office, to amount of taxes against John T. Musselman for taxes of 1871, and previous years.

" The motion was carried.

" Mr. Dykeman moved that Mr. McGlain take charge of the books, etc., belonging to the city, which was concurred in."

" December 18th, 1872.—The clerk submitted the following report:

"'To his Honor the Mayor and Common Council of the city of Logansport: I herewith respectfully submit my special report in regard to my proceedings against John T. Musselman to collect his delinquent taxes. At your last meeting you passed a resolution authorizing me, in the absence of other bidders, to bid on the property in the Sun printing office, advertised to be sold Nov. 30th, 1872, to pay delinquent taxes against John T. Musselman. I bid at the sale $1,013.87, the

amount due for delinquent taxes.   Mr. David Humphrey, being present, asked me if, in case he bid higher than I did, the city would guarantee him possession.   I answered, Yes.   The reason I did so was that I presumed the city would just as soon do so as to have me bid for the city.   I respectfully ask you by resolution to approve of my official acts.

" ' (Signed)               A. E. TAYLOR, City Treasurer.

" ' LOGANSPORT, December, 1872.

" ' P. S.   Mr. Humphrey bid $1,020.   It was struck off to him.                          A. E. T., C. T.'

" Mr. Dykeman moved that the report of the treasurer be concurred in and that the money be retained in city treasury.

" Vote unanimous."

The appellee has not aided us with a brief.

We are of opinion that the action can not, consistently with settled legal principles, be upheld.

The general rule is beyond dispute that the purchaser at a tax sale assumes all risk, and except as he may be vested by force of statutory provision with the lien which the State or municipality held against the property of the delinquent tax debtor, he is without remedy if he fails to obtain a good title under his purchase.   The doctrine of *caveat emptor* applies to such sales in its fullest force.   Cooley Taxation, 572 ; *Lynde* v. *Inhabitants of Melrose,* 10 Allen, 49 ; *Packard* v. *New Limerick,* 34 Maine, 266 ; *Hamilton* v. *Valiant,* 30 Md. 139.

There is no express power conferred by statute, and, unless so conferred, it seems not to exist in a municipal corporation, to become a purchaser at a sale for taxes due the corporation. *Knox* v. *Peterson,* 21 Wis. 249 ; *Sprague* v. *Cœnen,* 30 Wis. 209.

It follows that the order authorizing the city treasurer to bid in the property was a nullity; but, whether so or not, it conferred on him no authority, and he clearly had none by law, to make any agreement with the bidder or purchaser at such sale, in the nature of a guaranty or warranty of possession or title of the property offered for sale.   The promise alleged to have been made in this instance, therefore, imposed

no obligation upon the common council or the city; and if, under the law, it had been in the power of the council to ratify and assume the obligation with which the city treasurer attempted to bind the city, the record pleaded shows no such ratification.   On the motion to concur in the treasurer's report there was a "unanimous vote," but whether for or against the concurrence does not appear; and, even if the vote had been in favor of concurrence, it would by no means be inferable that the council intended thereby to bind the city by the proposed guaranty.   Without express words to that effect the concurrence in the report would impose no obligation which the law did not, on the facts stated in the report, raise against the city; and, as already stated, the law created no liability whatever.   The money in the hands of the treasurer was already the property of the city.   The vote of the council to accept and turn it into the treasury could not, therefore, be deemed to imply a promise, or to create an obligation by estoppel, or otherwise, to make good the proposed guaranty.

We are, however, of opinion that it is not within the powers of the common council of a city, governed by the general law, to make a contract of guaranty, warranty or indemnity with a purchaser at its tax sale.   The statute by which the sale is authorized does not in terms confer the power, and a power should not be deemed to arise by implication to make the sale under other rules than those recognized by the statute, and which are independent of special contract.   The power to make a tax sale, when conferred upon a municipal corporation, like other powers when the mode of exercise is prescribed, can be exercised only in the mode prescribed by the statute, and the liabilities and rights of the parties must be such as the law enforces, neither to be enlarged or restricted by special agreement.   *Cases, supra; Slessman* v. *Crozier*, 80 Ind. 487, and authorities cited.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of the complaint.