Filed Nov. 11, 1884.

---

No. 11,645.

McWhinney v. City of Indianapolis.

Taxes.—City.—Action to Recover Money Paid at Tax Sale.—As a general rule a city is not liable to refund to a purchaser, who fails by his purchase to acquire title to or a lien upon land sold for city taxes, the amount of money paid by him upon such purchase.

Same.—When City Liable to Refund.—In order to render it liable to refund the money, it must be shown that the land was not liable to taxation, or that the taxes had been paid before sale.

Same.—Transfer of Lien of State.—The lien of the State for taxes may be transferred to a purchaser by private sale.

Same.—Judgment not Conclusive on City as to Lien.—The judgment of a court refusing to enforce the purchaser's lien against the land-owner, does not conclude the city, and, therefore, the mere rendition of such judgment does not render the city liable to refund the purchase-money.

From the Superior Court of Marion County.

J. T. Lecklider, for appellant.

C. S. Denny, for appellee.

Best, C.—The appellant purchased at private sale from the city treasurer certain real estate for delinquent taxes, and brought this action to recover from the city the money paid upon such purchase.

A demurrer was sustained to the first and second paragraphs of the complaint; an issue was formed upon the third,

McWhinney *v.* City of Indianapolis.

a trial had, a finding made for the city, motion for a new trial overruled and judgment rendered upon the finding. The assignment of errors questions these rulings.

The first and second paragraphs of the complaint were substantially alike, and averred, in substance, that on the 18th day of October, 1879, there was due the city $151.25 for taxes legally assessed and delinquent upon the realty described; that the treasurer of said city offered to transfer to the appellant the lien held by the city upon said property for the sum so due, and the appellant then paid said sum to the treasurer of said city in the purchase of said lien; that notwithstanding such payment and purchase said lien has not been transferred to the appellant, nor has he received any consideration for his money; that he has demanded its repayment, which has been refused, and the same has been converted by said city, etc.

The facts averred do not show any liability upon the part of the city. A purchaser at such sale assumes all risk, and if he fails, by his purchase, to acquire the title or a lien, the municipality, as a general rule, is not liable to refund the purchase-money. This was expressly decided in *City of Logansport* v. *Humphrey*, 84 Ind. 467, and is well supported by the authorities there collected. No fact is averred to take this case out of the general rule, and it is therefore governed by it.

The statute in force when this sale was made provides that where land sold was not liable to taxation, or the taxes had been paid before sale, the purchase-money shall be refunded out of the county treasury upon the order of the county auditor. Section 228, 1 R. S. 1876, p. 124. Similar statutes have since been enacted. Section 218, Acts 1881, p. 682; Acts 1883, p. 123, sec. 1.

Assuming that these statutes are applicable to a sale made by a city treasurer, the facts averred do not show this sale to have been ineffectual for any of the causes enumerated in any one of these statutes, and, therefore, the appellant does not

show himself entitled to the remedy thus provided. The averment that the lien was not transferred is a mere conclusion from facts not stated, and does not bring the appellant within these statutes.

It is not claimed, and can not be maintained, that the lien of the State can not be acquired by purchase at private sale; and hence the facts which entitle the appellant to recover back his money must be averred, and these must bring him within the above statutes. This has not been done, and as the other facts averred do not constitute a cause of action, the demurrer was properly sustained.

What we have already said virtually disposes of the motion for a new trial. The only evidence offered, to show that the lien was not transferred by the purchase, was the record of a judgment in an action the appellant brought against the owners of the realty to enforce his lien. The court in that proceeding refused to enforce the lien. Why, does not appear. If for any cause other than those mentioned in the above statutes, the appellant is not entitled to his money from the city. The city was not a party to the proceeding, and is not bound by the judgment. Nor is it liable unless the lien was defeated for some of the causes enumerated in the statute, and in order to recover it was absolutely necessary to show that some such cause existed. This was not done, and, therefore, the motion for a new trial was properly overruled.

The judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Nov. 13, 1884.