No. 11,452.

McWHINNEY v. THE CITY OF INDIANAPOLIS.

TAXES.—*Invalid Sales by Cities.*—*Remedy.*—Sections 227 and 228 of the act of December 21st, 1872, providing a remedy for purchasers of real estate at invalid tax sales, and which were applicable to sales of real estate made by cities, were re-enacted and continued in force as sections 217 and 218 of the act of March 29th, 1881, which are likewise applicable to cities, and such remedy has been continuously in force since the date of the first act, notwithstanding its repeal and re-adoption.

SAME.—*Lands Illegally Annexed, Sale of.*—*Remedy of Purchaser.*—The common council of a city by resolution annexed certain real estate to the city,

and assessed the same for taxes for the years 1878 and 1879, and such taxes remaining unpaid said real estate was, on February 15th, 1881, sold to M., and a certificate issued to him. Before a deed was executed the city annulled the annexation, because the land was not contiguous. M. had no knowledge at the time of his purchase that the land was not properly annexed and legally assessed, and before he discovered said facts he paid taxes thereon *in addition to the purchase-money.*

*Held,* that M. can recover from the city, under sections 217 and 218 of the act of March 29th, 1881, the amount of the purchase-money and subsequent taxes paid.

From the Marion Superior Court.

*J. T. Lecklider,* for appellant.

*C. S. Denny,* for appellee.

BEST, C.—This action was brought by the appellant to recover from the city of Indianapolis the amount of purchase-money paid by him at an invalid sale of certain real estate sold for city taxes.

The complaint averred, in substance, that the common council of the city, by resolution, annexed certain real estate to the city and assessed the same for taxes for the years 1878 and 1879 ; that said taxes remaining unpaid, the city, on the 15th day of February, 1881, sold said real estate to the appellant for $600, and issued to him a certificate of purchase ; that thereafter, and before a deed was executed, said city declared by a resolution of its common council, that said realty had not been legally annexed, because the same was not contiguous to the limits of the city ; that at the time of the purchase and the payment of the purchase-money, the appellant had no knowledge that said realty was not properly annexed nor legally assessed by said city ; that said realty was not in fact contiguous to said city, nor liable to be assessed for city purposes ; that before he discovered such facts he paid about $75 taxes thereon, and as soon as he learned such facts he demanded the repayment of his money, which was refused, etc. Wherefore, etc.

A demurrer to the complaint, for the want of facts, was sustained, and this ruling is assigned as error.

The general rule is well established that a purchaser at a tax sale, in the absence of a statute, assumes all risk, and if he fails to acquire a lien or the title by his purchase, he is without remedy.   *City of Logansport* v. *Humphrey*, 84 Ind. 467, and authorities cited.

The mere payment of the purchase-money, and the failure to acquire the title or a lien, do not, therefore, entitle the appellant, under the rules of the common law, to recover back his money.

This the appellant concedes, but insists that the statutes in force now and at the time of his purchase furnish him the proper remedy.

At the time this purchase was made the act of December 21st, 1872, was in force.   Section 227 of that act provides that " Whenever the county auditor shall discover, prior to the conveyance of any land sold for taxes, that the sale was, for any cause whatever, invalid, he shall not convey such lands; but the purchase-money and interest thereon, shall be refunded out of the county treasury to the purchaser, his representatives or assigns, on the order of the county auditor; and such land, if originally liable to taxation, and being still delinquent, shall be again placed on the delinquent list, and the amount so refunded, with interest, be collected as in other cases."

Section 228 provides that " No sale or conveyance of land for taxes shall be valid, if at the time of being listed such land shall not have been liable to taxation."

These sections were applicable to the sale of lands made by a city, and if they were yet in force no doubt could be entertained about the right of appellant to recover back his money by virtue of them.   This the appellee concedes, but insists that since the act of December 21st, 1872, was repealed by the act of March 29th, 1881, the remedy furnished by these provisions is forever gone.   This conclusion is based upon the assumption that the act of March 29th, 1881, did not contain similar provisions.   In this the appellee is mistaken, as the last named act literally re-enacted section 227 of

the act of December 21st, 1872, and also re-enacted section 228 of said act so far as the same is above set out. These sections in the act of March 29th, 1881, are sections 217 and 218, and section 259 of said act makes the entire act applicable to cities, as the act of December 21st, 1872, had theretofore been. It will thus be seen that the remedy which the appellant invokes has existed continuously since the act of December 21st, 1872, went into force, unless the repeal of these sections by the very act which re-adopted them breaks the continuity. That it does not in such sense as to affect the appellant's right to such remedy is clear upon principle and upon authority. The re-enactment of these sections evinces an intention upon the part of the Legislature to continue in force uninterruptedly this remedy, and it must be deemed to have been in force since its enactment, notwithstanding its repeal and re-adoption. It can not be that the Legislature intended by this act to extend this remedy to all subsequent purchasers and to deny it to all prior ones, and the act should not thus be construed. *Fullerton* v. *Spring*, 3 Wis. 588; *Wright* v. *Oakley*, 5 Met. 400; *Gorley* v. *Sewell*, 77 Ind. 316.

Again, if this remedy is not a continuing one, the new is a mere substitute for the old, and the appellant, though his purchase was made before its adoption, is entitled to the benefit of such remedy. *Flinn* v. *Parsons*, 60 Ind. 573; *Crecelius* v. *Mann*, 84 Ind. 147.

As the land assessed in this case was not liable to taxation, the appellant could not, by his purchase, acquire the title or a lien, and was, therefore, entitled to avail himself of this statutory remedy. We, therefore, conclude that the appellant, upon the facts stated, is entitled to recover from the appellee the purchase-money and the interest thereon.

This conclusion is not in conflict with the case of *City of Logansport* v. *Humphrey*, *supra*. It was there held that the purchaser of personal property for city taxes, on failure of title, could not recover back his money, as there was no statute authorizing such recovery, and in the absence of such

statute the rule of *caveat emptor* applies. This is in strict harmony with the conclusion here reached. There was in such case no statute and no remedy, and hence there could be no recovery.

For the reasons given, we are of opinion that the court ·erred in sustaining the demurrer to the complaint, and for such error the judgment should be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing ·opinion, that the judgment be reversed, at the appellee's costs, with instructions to overrule the demurrer to the complaint.

Filed March 14, 1885; petition for a rehearing overruled May 25, 1885.