No. 12,019.

## HILGENBERG v. THE BOARD OF COMMISSIONERS OF MARION COUNTY.

TAXES.—*Refunding by County.*—*Purchaser at Sale.*—*Reduction of Lien at Suit of Owner.*—Sections 5813 and 5814, R. S. 1881, which provide for the refunding of taxes by the county to the owner of land, where the same have been paid in pursuance of a wrongful assessment, furnish no remedy to a purchaser at a tax sale whose lien is reduced at the suit of the land-owner.

SAME.—*Remedy of Purchaser.*—The purchaser at a tax sale, to make a case under section 6487, R. S. 1881, for the refunding of taxes paid by him, must show either that the land was not subject to taxation, or that the taxes had been paid before the sale.

SAME.—*Complaint.*—The remedy of the purchaser at a tax sale is wholly statutory, and unless he can bring his complaint within some provision of the statute it will be bad.

From the Marion Superior Court.

*J. Klingensmith* and *W. P. Adkinson,* for appellant.

*S. Claypool* and *W. A. Ketcham,* for appellee.

MITCHELL, J.—The appellant, Hilgenberg, petitioned the board of commissioners of Marion county, praying that certain taxes should be refunded him.

The facts upon which he predicated his claim were set forth at large, and were, in substance, as follows: In June, 1880, Arthur G. Fosdyke, purchased at a private tax sale, made by the county auditor, certain real estate which is described. He paid therefor $497.05, which was the amount claimed for delinquent taxes, penalties, etc. A certificate of purchase in due form was issued to the purchaser. This was afterwards assigned to Hilgenberg who had the assignment duly recorded. Subsequently the owner of the land commenced a suit in the superior court of Marion county, to set the sale aside, and to enjoin the auditor from issuing a deed on the certificate. Such proceedings were had in that case, as that the superior court adjudged that the amount due as taxes, interest, etc., at the time of the sale, was $415.35 in-

stead of $497.05, and that Hilgenberg's lien on the land. should be confined to the sum of $415.35, with interest. His lien was enforced against the land for this latter sum. The appellant claimed that, because the taxes, penalties, costs, etc., actually due at the time of the sale, were $81.70 less than the amount called for by the certificate of sale, the board should refund him that amount, together with $37 costs, which he was obliged to pay in the suit above mentioned. The board rejected the claim, and the matter came by appeal to the superior court.

In that court a demurrer was sustained to the petition, and the sole question here is, whether upon the facts stated the appellant is entitled to any relief as against the county.

The claim is based on sections 5813 and 5814, R. S. 1881. These sections provide, in substance, that when any person shall appear before the board of commissioners of any county, and establish by proper proof that he has paid any amount of taxes which were wrongfully assessed against him, it shall be the duty of the board to refund to such person from the county treasury the amount proved to have been paid for county taxes. Where any part of the amount so assessed has been paid into the State treasury, it becomes the duty of the board to certify the amount so proven to the auditor of State, whose duty it is to audit and repay the amount out of the State treasury.

The foregoing provisions have obviously no application to the case of a purchaser at a tax sale. They were designed, as is apparent from the terms employed, to supply a statutory remedy, so as to enable a property-owner whose property has been wrongfully assessed to obtain repayment of taxes which have been paid in pursuance of such wrongful assessment. The remedy being statutory, it can only be resorted to by persons who, within the terms of the statute, are entitled to its benefits.

Even if the appellant had been the owner of the property, and the person who paid the taxes in the first instance, the

averments in the petition come far short of showing that any portion of the taxes for which the property was sold were wrongfully assessed.   All that is averred in that regard is, that in a certain suit brought by the owner of the land against the appellant and the county auditor, it was adjudged that the taxes, interest, penalties, etc., were $415.35 instead of $497.05.   There are no facts averred which show that the assessment or any part of it was wrongful.

The county was not a party to that suit, and is, therefore, not concluded by a judgment rendered in an action to which it was not a party, and of which it had no notice.  *Mc Whinney* v. *City of Indianapolis*, 98 Ind. 182.

To have entitled the person who paid the taxes to the remedy provided, it must have appeared in the petition that the taxes, which he claimed should be refunded, were wrongfully assessed.   *Board, etc.*, v. *Murphy*, 100 Ind. 570; *Board, etc.*, v. *Armstrong*, 91 Ind. 528.

As before observed, the statute relied on has no application to the case of a purchaser at a tax sale.

Section 228, 1 R. S. 1876, p. 124, which was in force at the time the sale was made, and which was substantially the same as section 6487, R. S. 1881, provided that where land had been sold for taxes, which was not liable to taxation, or when the taxes had been paid before sale, the purchaser might have the purchase-money refunded out of the county treasury. There are no averments in the petition showing that the land was not subject to taxation, or that any part of the taxes had been paid.   The petition wholly fails to make a case within any of the statutory provisions which authorize the money paid at a tax sale to be refunded.   There is no common law liability of the county.

In respect to the legality of the proceedings on which a tax sale is based, as well as to the validity of the title of land sold, a purchaser at such sale assumes all risk, except such only as the statute makes provision for.   If he fails to acquire title, or if his lien is less extensive than he anticipated,

he may have such recourse, and such only as the statute provides. *City of Logansport* v. *Humphrey*, 84 Ind. 467.

The remedy of a purchaser at a tax sale being wholly statutory, since the facts put forward by the appellant do not bring his case within any statute which provides a remedy, the ruling of the court in sustaining the demurrer to his petition was correct.

Judgment affirmed, with costs.

Filed Sept. 24, 1886.