[No. 931.     August 28, 1902.]

U. S. STEWART, Appellant, v. BOARD OF COUNTY COMMISSIONERS, BERNALILLO COUNTY, Appellee.

SYLLABUS.

1. On the death of the owner of real estate, it descends to his heirs, and the assessment of the real estate in the name of the deceased person is void.

2. Comp. Laws 1897, section 4070, provides that, in all cases where "any person" shall pay any tax that shall thereafter be found to be erroneous or illegal, the county commissioners shall order the same refunded to the taxpayer. Section 4071 enacts that the territorial auditor shall credit each county with the amount

of territorial tax that may have been refunded to the taxpayer or purchaser of real estate erroneously sold. *Held,* that the purchaser at a tax sale, whose deed is void because of a void assessment may recover the sum paid.

3.   Comp. Laws 1897, section 4072, provides that when, by mistake or wrongful act of the taxing officers, real estate has been sold on which no tax was due at the time, the county shall refund to the purchaser the amount paid by him, with interest thereon at the rate of 25 per cent. per annum. *Held,* that where the purchaser at a tax sale sues to recover the sum paid, because his deed was void, owing to a void assessment, it not appearing by whose mistake or act the assessment was made, the 25 per cent. interest cannot be recovered.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice.   District Court judgment vacated and cause remanded.

MCMILLAN & RAYNOLDS for appellant.

The right of recovery by plaintiff is statutory.

> Compiled Laws of 1897, secs. 4070, 4071 and 4072; Territory ex rel. Costillo v. Perea, Treasurer, 62 Pac. (N. M.) 1094.

F. W. CLANCY, district attorney, for appellee.

Unless authorized by statute, purchasers at tax sales can never secure the return of their money from the public treasury.

> Cooley on Taxation, p. 475; Lynde v. Melrose, 10 Allen 49; Logansport v. Humphrey, 84 Ind. 469; Hamilton v. Valiant, 30 Md. 140-1; State v. Casteel, 110 Ind. 179.

Where a statute exists the party must bring himself strictly within its terms.

> Worley v. Cicero, 110 Ind. 209; Churchman v. Indianapolis, 11 Ind. 259; Lyon County v. Goddard, 22 Kan. 389; Carter v. Phillips, 49 Mo. App. 321; Casselburry v. Piscataway, 43 N. J. L. 345; Ross v. Mabry, 1 Lea 226; Pennock

v. Douglas County, 39 Neb. 293; Black on Tax Titles, secs. 263, 265, 269; Budge v. Grand Forks, 1 N. Dak. 309; Tyler v. Cass County, 1 N. Dak. 369; Blackwell v. Bank, 63 Pac. 43.

Sections 4070 and 4071 of the Compiled Laws of 1897 refer only to the case of a taxpayer who has paid an erroneous and illegal tax and do not include a purchaser at a tax sale.

In respect to the legality of the proceedings on which a tax sale is based, as well as to the validity of the title of the land sold, a purchaser at such sale assumes all risk, except such only as the statute makes provision for.

Hilgenberg v. Marion County, 107 Ind. 495-6.

The demurrer in this case was properly sustained.

McWhinney v. Indianapolis, 98 Ind. 183.

The defect in the tax title was a matter of record of which plaintiff was bound to take notice.

Territory ex rel. v. Perea, 62 Pac. 1096-7; Trowbridge v. Horan, 78 N. Y. 442; In re Kenworthy, 17 N. Y. Supp. 656; Jackson v. King, 82 Ala. 432; Kearns v. Collins, 40 La. Ann. 453; Pearson v. ——, 69 Cal. 538; Fairfield v. Woodman, 76 Me. 550; Elliott v. Spinney, 69 Me. 31; Wood v. Torrey, 97 Mass. 322.

Where the treasurer has no jurisdiction to make the sale, the sale is absolutely void.

Otoe County v. Gray, 10 Neb. 565, 7 N. W. 325; Merriam v. Otoe Co., 15 Neb. 413-416.

On the face of the complaint, plaintiff's cause of action, if any he ever had, is barred by the statute of limitations.

Pomeroy's Eq. Jurisp., sec. 838 et seq.

## STATEMENT OF THE CASE.

In April, 1891, at a tax sale, in Bernalillo county, the sheriff and ex-officio collector sold certain real estate

to plaintiff's assignor, Bryan, for the sum of $638.35, being the amount of taxes, penalty, interest and costs assessed against the real estate sold. Bryan paid the amount of the purchase price to the sheriff and ex-officio collector, and received from him a certificate of the sale of the lands in question. Before the deed was made, Bryan duly assigned, to the plaintiff Stewart, all his right, title and interest in the certificate of tax sale. Subsequently, and in April, 1895, a tax deed to the premises in question was duly executed and delivered to the plaintiff in this action. In November, 1900, in an action wherein the plaintiff herein was plaintiff, and one Dickson and others were defendants, being a suit in ejectment for the recovery of the lands and premises described in the tax deed, the court found and decided that the assessment of the property in controversy for the year 1900, being the taxes for which said real estate was sold, was made to the estate of Talbott, deceased, and that all proceedings to enforce the collection of the tax lien thereby attempted to be created were had in the name of the estate of Talbott, deceased; that upon such finding the court concluded, as a matter of law, that said assessment and all proceedings had in pursuance thereof, including the said tax deed to the plaintiff, were void, and of no effect, and that the plaintiff was not entitled to the possession of the property.

This action is brought to recover the amount of money paid by plaintiff's assignor on the tax sale of the premises in question. Defendant demurred, contending that the complaint herein was not sufficient in law, upon the following grounds: First, the complaint does not state facts sufficient to constitute a cause of action; second, the complaint states facts which show plaintiff has no cause of action. On hearing, the court sustained defendant's demurrer, and gave judgment of dismissal. Thereupon an appeal was prayed by plaintiff, which was granted, and the cause is now here for consideration by this court.

OPINION OF THE COURT.

McMILLAN, J.—The plaintiff's rights in this. are purely statutory. The Compiled Laws of 1897 provide as follows:

"Section 4070. In all cases where *any person* shall pay any tax, interests or costs, or any portion thereof that shall thereafter be found to be erroneous or illegal, whether the same be due to erroneous or improper assessment, or improper or irregular levying of the tax, to clerical or other irregularities, the board of county commissioners shall order the same refunded to the taxpayer without discount.

"Section 4071. The Territorial auditor shall credit each county with the amount of Territorial tax that may have been abated as improperly assessed, as uncollectible, or that may have been refunded to the taxpayer, *or purchaser* of real estate erroneously sold, upon receiving a certified copy of the order of the county commissioners allowing the same.

"Section 4072. When by mistake or wrongful act of the collector, clerk, assessor or from double assessment, real estate has been sold on which no tax was due at the time, the county shall refund to the purchaser the amount paid by him, with interest thereon at the rate of twenty-five per cent per annum; and the collector, clerk or assessor, as the case may be, shall be liable on his official bond to the county for all losses sustained by the county from sales made through his mistake or misconduct."

The assessment of the real estate in question against the estate of Talbott, deceased, was erroneous and void.

Territory ex rel. Castillo v. Perea, Treasurer, 52 Pac. 1094, 8 New Mexico —. This court held that upon the death of an owner, his real estate descends to his heirs, and the assessment of real estate in the name of such deceased person is void.

Under the general rule, which obtains in most jurisdictions, the plaintiff would not be entitled to recover; but under the statutory provisions of this Territory, and especially under the provision of section 4070, quoted above; the plaintiff has a good cause of action, and is entitled to recover the amount paid by him or his assignor for the tax deed to the lands in question. The statute does not limit the right of action to the owner of the property assessed, but provides that "where *any person* shall pay any tax, interests or costs, or any portion thereof that shall thereafter be found to be erroneous or illegal, whether the same be due to erroneous or improper assessment, or improper or irregular levying of the tax, to clerical or other irregularities, the board of county commissioners shall order the same refunded to the taxpayer without discount." And section 4071 clearly indicates that this right is extended to the purchaser, wherein it provided that "the amount of the Territorial tax that . . . may have been refunded to the taxpayer *or purchaser* of real estate erroneously sold" shall be credited by the Territorial auditor to each county upon receiving a certified copy of the order of the county commissioners allowing the same.

It does not, however, appear by whose mistake or wrongful act the erroneous assessment was made, nor is there any allegation in the complaint that it was through the mistake or wrongful act of the clerk, collector, or assessor, as required by the provisions of section 4072 to entitle the plaintiff to recover on the penalty. The plaintiff is, therefore, not entitled to recover interest on his claim at the rate of twenty-five per cent per annum.

We are of the opinion that the demurrer in this case was not well taken, and the judgment of the district court is vacated and set aside, and the cause is remanded to the district court of Bernalillo county, to be there proceeded with, according to law.

Mills, C. J., McFie, Parker and Baker, JJ., concur.