# THE SUPREME COURT

OF THE

# TERRITORY OF NEW MEXICO.

JANUARY TERM, 1904.

[No. 931.   January 6, 1904.]

## D. S. STEWART, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, Appellee.

### SYLLABUS.

A complaint against a county for the refunding of the purchase-money at a tax sale of real estate does not state a cause of action, unless it alleges because of a mistake or wrongful act of the collector, clerk or assessor, or from double assessment, the real estate was sold on which no tax was due at the time.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice.   Affirmed.

MCMILLEN & REYNOLDS for appellant.

It has been held that a tax against the estate of a decedent is absolutely void.

Territory v. Perea (N. M.,) 62 Pac. 1094.

The right of the appellant to recover in this case is purely statutory and is fully authorized by the statute in force at the time of this sale.

Black on Tax Titles, Sec. 464.

To obviate the common law rule, many of the states have enacted statutes, giving to the purchaser of a tax title which proves to be invalid a right of recourse against the city or county granting the deed.

Black on Tax Titles, sec. 477.

The portions of the statute which are deemed material to the consideration of the rights of appellant are sections 4070, 4071 and 4072 of the Compiled Laws of New Mexico for 1897.

Plaintiff's complaint is within the express provisions of section 4072 above referred to. "The provision of the statute making the officers liable, shows the intent to save the county harmless, but it does not show an intent to make the liability of the county depend upon the liability of the officers.

Hurd v. Hamill (Colo), 44 Pac. 127.

The plaintiff was not bound to take notice of the defect because it was a matter of record, and his right does not depend upon ignorance of the defect.

Roberts v. Adams County (Neb.), 25 N. W. 726; Roberts v. Adams County (Neb.), 30 N. W. 891; Wilson v. Butler County (Neb.), 42 N. W. 891; Commissioners v. Whelen, (Colo.), 65 Pac. 38.

The plaintiff's cause of action is not barred by the Statute of Limitations, nor can such question be raised by demurrer. In a case of this kind the statute of limitations does not begin to run until the failure of the title of the purchaser has been declared by a court of competent jurisdiction over the subject-matter.

Peet v. O'Brien, 5 Neb. 360; St. Louis etc., Ry. Co. v. Alexander, 49 Ark. 190, 4 S. W. 753; Hutchinson v. Board, 26 Wis. 402.

The Statute of Limitations is a special privilege which is waived unless expressly alleged as a defense; and this is true even where the statute allows the question to be raised by demurrer.

Kent v. Snyder, 30 Cal. 666; Breman v. Ford, 46 Cal. 8; Chemung Canal Bank v. Lowery, 93 U. S. 73-76.

F. W. CLANCY for appellee.

Counsel have never been heard upon the point decided by the court. Unless the question decided admits of no possible doubt, it ought to be good ground for rehearing that counsel have never been heard upon it.

A proper construction of the statutes shows that appellant has no cause of action. The general rule is, that the maxim of "caveat emptor" applies in its fullest extent to sales of property for delinquent taxes.

The only sections of the statute relating to the subject are 4070, 4071 and 4072, Compiled Laws of New Mexico 1897. The order of these sections is unimportant. We are required to take the law as a whole, and construe all its parts harmoniously.

Alexander v. Alexandria, 5 Cranch 7-8; Neal v. Clark, 95 U. S. 708; Covington v. McNickle, 18 B. Mon. 286; Pelt v. Pelt, 19 Wis. 196; State v. Goetz, 22 Wis. 365. See, also, Kohlsaat v. Murphy, 96 U. S. 159-60; Heydenfeldt v. Daney Co., 93 U. S. 638.

The decision of the court destroys the rule of *caveat emptor* as applied to delinquent tax sales. As a general rule courts have no concern with the consequences of any decision as to the meaning of a statute, in cases where the statute is plain, clear, direct, unmistakable and free from uncertainty. In other cases, it is a proper subject for consideration.

Sutherland on Stat. Const., sec. 324; Neenan v. Smith, 50 Mo. 528; Smith v. People, 47 N. Y. 336-37; Samuels v. Commonwealth, 10 Bush. 492.

BAKER, J.—This case is before us on motion for a rehearing. The opinion in the case was handed down on August 28, 1902, and is reported in 70 Pac. 574.

The complaint alleges that the plaintiff is the assignee of the purchaser of real estate at a tax sale. Therefore if he can recover at all against the county for the purchase-money it must be by virtue of the statutes. It is a well-settled rule, in the absence of a statute, that a purchaser at a tax sale buys, *caveat emptor*. Cooley on Taxation, p. 475; Desty on Taxation, p. 850, and voluminous citations; Logansport v. Humphrey, 84 Ind. 469. The only statute that permits the recovery of the purchase-money paid at a tax sale is section 4072, Compiled Laws of New Mexico, 1897, which reads as follows: "When by mistake or wrongful act of the collector, clerk, assessor, or from double assessment, real estate has been sold on which no tax was due at the time, the county shall refund to the purchaser the amount paid by him, with interest thereon at the rate of twenty-five per cent. per annum; and the collector, clerk or assessor, as the case may be, shall be liable on his official bond to the county for all losses sustained by the county from sales through his mistake or misconduct."

In order for plaintiff to bring himself within said section he must clearly allege that there was a "mistake or wrongful act of the collector, or of the clerk, or of the assessor, or a double assessment" of the real estate sold. These are the only exceptions to the general rule of purchasing real estate at tax sales at one's peril. The complaint, after setting out the sale, the certificate of purchase, the assignment to the plaintiff by the purchaser, a deed from the collector to the plaintiff, and a failure of title, alleges that "the failure of said tax title was due to erroneous and improper assessment of the real estate." A demurrer was interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff elected to stand upon his com-

plaint and judgment was thereupon rendered for the defendant. The cause was brought to the Supreme Court and at a former hearing in this court the action of the lower court in sustaining the demurrer was overruled. In the former opinion of the court is found the following language: "It does not, however, appear by whose mistake or wrongful act the erroneous assessment was made; nor is there any allegation in the complaint that it was through the mistake or wrongful act of the collector, clerk or assessor, as required by the provisions of section 4072, to entitle the plaintiff to recover on the penalty. The plaintiff is therefore not entitled to recover interest on his claim at the rate of twenty-five per cent. per annum." As one member of the court I can not understand how this language escaped my observation, because it is certainly erroneous. It is true that the plaintiff nowhere alleges that it was through the mistake or wrongful act of the collector, clerk or assessor, or a double assessment, the omission of which makes the complaint fatally defective and upon which the plaintiff is not entitled to recover. It will be observed that in the former opinion of this court there is considerable said about sections 4070 and 4071, neither of which has anything to do with the issues in this case. In short, the only provision for a tax purchaser to recover his purchase-money at a tax sale is in section 4072, and he can recover when any mistake or wrongful act of the collector, clerk or assessor or from double assessment real estate has been sold. The complaint, as hereinbefore said, nowhere alleges that it was the mistake or wrongful act of the collector, clerk or assessor, or from double assessment, therefore the complaint is fatally bad. The demurrer was rightfully sustained by the court below and the decision in this cause heretofore rendered by this court is overruled.

The judgment of the lower court is affirmed, and the cause dismissed at the costs of the appellant.

Mills, C. J., Parker and McFie, JJ., concur.

Pope, A. J., not having heard argument, took no part in this decision.