**Vinod C. GUPTA, Appellant–Petitioner,**

v.

**JAY COUNTY AUDITOR, NANCY CULLY, and Jay County Treasurer, Robin Alberson, Appellees–Respondents.**

No. 38A02–0901–CV–73.

Court of Appeals of Indiana.

Aug. 5, 2009.

---

Lewis Eric Maudlin, Salem, IN, Attorney for Appellant.

William W. Hinkle, Hinkle, Racster & Lopez, Portland, IN, Lester H. Cohen De-Fur Voran, LLP, Fishers, IN, Attorneys for Appellees.

## OPINION

BROWN, Judge.

Vinod C. Gupta appeals the trial court's denial of his motion to set aside a tax sale.

Gupta raises two issues, which we revise and restate as whether the trial court erred by denying Gupta's motion to set aside a tax sale.[1] We affirm.

The relevant facts follow. In October 2004, Gupta purchased property at a tax sale. On February 16, 2006, the trial court entered an order directing the County Auditor to issue a tax deed relating to the parcel purchased by Gupta. On March 13, 2006, a tax title deed was issued for the parcel purchased by Gupta. On April 24, 2006, Gupta filed a petition with the Property Tax Assessment Board of Appeals (the "Board") for review of assessment. Gupta requested that the Board assess the value of the property and alleged that "[t]he building is sitting on many parcels [and a] portion of bldg is owned by different owner." Appellant's Appendix at 42. On October 9, 2008, the Jay County Assessor sent Gupta a letter that stated that it had reviewed Gupta's appeal and decided that the "value of the building has been sound [sic] valued because it is unusable at this time. Also, part of the building has been removed and is being valued on another parcel owned by another person." *Id.* at 47.

On October 31, 2008, Gupta filed a motion in the trial court titled, "MOTION TO SET ASIDE AND DECLARE TAX SALE VOID PER IC 6–1.1–25–11 AND AS A RESULT OF NON–DELIVERY OF PRE–SALE AND POST–SALE NOTICES." Appellant's Appendix at 25. On December 9, 2008, the trial court held an evidentiary hearing. At the conclusion of Gupta's presentation of evidence, the Jay County Auditor moved to dismiss Gupta's motion. The trial court granted the County Auditor's motion for dismissal of the portion of Gupta's motion requesting that the tax sale be set aside as a result of non-delivery of pre-sale and post-sale notices. On December 23, 2008, the trial court entered an order denying Gupta's motion to set aside and declare the tax sale void and found that: (A) Gupta bought the property at his own risk; (B) Gupta's motion to set aside the tax sale was untimely; and (C) Gupta failed to meet the burden of proof under Ind.Code § 6–1.1–25–11.

The sole issue is whether the trial court erred by denying Gupta's motion to set aside the tax sale. The trial court entered findings of fact and conclusions thereon on its own motion. Sua sponte findings control only as to the issues they cover. *Yanoff v. Muncy,* 688 N.E.2d 1259, 1262 (Ind.1997). A general judgment will control as to the issues upon which there are no findings. *Id.* "A general judgment entered with findings will be

---

1. Gupta phrases one of his issues as, "Does the Court lack jurisdiction due to the statute of limitations contained in I.C. 6–1.1–25–4.6(h)?" Appellant's Brief at 1. However, Gupta does not refer to jurisdiction again in his brief or develop this issue. The trial court's order stated, in part, "since [Gupta]'s Motion To Set Aside And Declare Tax Sale Void was filed more than sixty days after the entry of this Court's Order directing the county auditor to issue the tax deed to Parcel 1, the Court lacks subject matter jurisdiction to grant the relief sought by [Gupta]." Appellant's Appendix at 23. The Indiana Supreme Court has held that "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). The Indiana Supreme Court has also held that " 'jurisdiction over the particular case' is something of a misnomer and refers to failure to meet procedural requirements but does not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class." *Packard v. Shoopman,* 852 N.E.2d 927, 929–930 (Ind.2006). In light of the Indiana Supreme Court's decisions, we believe that the timeliness question does not implicate subject matter jurisdiction one way or the other.

affirmed if it can be sustained on any legal theory supported by the evidence." *Id.*

When a trial court has made findings of fact, we review the sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.* We will set aside the findings only if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Id.*

In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. *Pitman v. Pitman,* 721 N.E.2d 260, 263–264 (Ind.Ct.App. 1999), *trans. denied.* Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id* To make a determination that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Yanoff,* 688 N.E.2d at 1262.

Indiana Code Chapter 6–1.1–24 governs the sale of real property when taxes or special assessments become delinquent. Ind.Code Chapter 6–1.1–25 governs tax deeds for real property sold for delinquent taxes and special assessments. Under Ind.Code § 6–1.1–25–4.6(h), "[a] tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." "The issuance of a tax deed can be appealed under this statute by either an independent action or a Trial Rule 60(B) motion in the same trial court that issued the origi-

nal tax deed." *Diversified Invs., LLC v. U.S. Bank, NA,* 838 N.E.2d 536, 544 (Ind. Ct.App.2005), *trans. denied.*

■ This court has held that both available remedies, either a Trial Rule 60(B) motion or an independent action, are subject to the same sixty-day statutory time limit pursuant to Ind.Code § 6–1.1–25–4.6(h). *Edwards v. Neace,* 898 N.E.2d 343, 347–348 (Ind.Ct.App.2008) (relying upon *BP Amoco Corp. v. Szymanski,* 808 N.E.2d 683, 690 (Ind.Ct.App.2004), *trans. denied* ). However, "[a]n exception exists where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice, in which case an appeal must be brought within a reasonable time rather than within sixty days." *Id.* at 348 (quoting *Diversified Invs.,* 838 N.E.2d at 545).

Here, the trial court entered an order directing the County Auditor to issue a tax deed relating to Gupta's parcel on February 16, 2006. Gupta did not appeal the trial court's order within sixty days. Rather, he filed a petition with the Property Tax Assessment Board of Appeals for review of assessment on April 24, 2006, sixty-seven days after the trial court's order. We note that Gupta's petition was not filed with the trial court, which is required. *See BP Amoco Corp.,* 808 N.E.2d at 690 (holding that the proper forum to file an appeal is the trial court that originally issued the tax deed); Ind. Code § 6–1.1–25–4.6(h) ("A tax deed issued under this section is incontestable *except by appeal from the order of the court* directing the county auditor to issue the tax deed ....") (emphasis added). Gupta did not file his motion to set aside and declare the tax sale void until October 31, 2008, a time period in excess of two years and eight months after the trial court's order directing the County Auditor

to issue a tax deed relating to Gupta's parcel on February 16, 2006.

Gupta appears to argue that the sixty-day time limitation in Ind.Code § 6–1.1–25–4.6(h): (A) does not apply because the tax deed is void due to constitutionally inadequate notice; and (B) is not applicable to Ind.Code § 6–1.1–25–11. We will address each argument separately.

### A. Notice

■ Gupta states that this court has held that the sixty-day time limitation in Ind.Code § 6–1.1–25–4.6(h) does not apply when the tax deed is void due to constitutionally inadequate notice. *See* Appellant's Brief at 7 (relying upon *Diversified Invs.,* 838 N.E.2d at 545). Gupta then states, "In this case, Gupta alleged constitutionally inadequate notice." *Id.* However, Gupta does not develop the argument that he received constitutionally inadequate notice. Rather, Gupta argues that the "tax sale was void because the property was not subject to the taxes for which it was sold." Appellant's Brief at 7. Gupta fails to put forth a cogent argument as to his allegation of constitutionally inadequate notice. Consequently, this argument is waived. *See, e.g., Loomis v. Ameritech Corp.,* 764 N.E.2d 658, 668 (Ind.Ct.App.2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied, trans. denied.*

■ Waiver notwithstanding, we will attempt to address the merits of Gupta's arguments to the extent that he suggests that he received inadequate notice. In *Diversified Invs.,* the court addressed the constitutional and statutory requirements of notice. The court held that " '[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, *to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.*' " 838 N.E.2d at 539–540 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)) (emphasis added). Here, Gupta, as the buyer of the property, knew of the sale and the issuance of the tax deed. We cannot say that notice to Gupta of the pendency of the action was constitutionally inadequate.[2] Consequently, we conclude that the exception to the sixty-day time limit for constitutionally inadequate notice is inapplicable.

### B. Ind.Code § 6–1.1–25–11

■ Gupta argues that the sixty-day time limit in Ind.Code § 6–1.1–25–4.6(h) does not apply to Ind.Code § 6–1.1–25–11, which is titled "Refunds"[3] and provides:

**2.** We also observe that "Indiana appellate courts have recognized that the doctrine of caveat emptor applies to tax sales in its fullest force, that is, a purchaser at a tax sale buys at his own risk." *Lake County Auditor v. Bank Calumet,* 785 N.E.2d 279, 281 (Ind.Ct.App. 2003) (citing *State ex rel. McKenzie v. Casteel,* 110 Ind. 174, 179, 11 N.E. 219, 222 (1887); *City of Logansport v. Humphrey,* 84 Ind. 467(1882)).

**3.** We note that "[w]ithin the statutory scheme for tax sales, there are three provisions which permit a tax sale purchaser to obtain a refund of part or all of the money paid for the tax

sale certificate." *Lake County Auditor v. Bank Calumet,* 785 N.E.2d 279, 281 (Ind.Ct.App. 2003) (discussing Ind.Code §§ 6–1.1–25–4.6, 6–1.1–25–10, and 6–1.1–25–11). Ind.Code § 6–1.1–25–4.6(d) and (e) provide for a refund if the trial court refuses to enter the order directing the auditor to issue the tax deed. Ind.Code § 6–1.1–25–10 addresses refunds "before the court issues an order directing the county auditor to issue a tax deed to a tract or item of real property sold under IC 6–1.1–24…." Ind.Code § 6–1.1–25–4.6 and Ind. Code § 6–1.1–25–10 are not applicable because the trial court ordered the auditor to issue a tax deed.

(a) Subsequent to the issuance of the order directing the county auditor to issue a tax deed to real property sold under IC 6–1.1–24, a county auditor shall refund the purchase money plus six percent (6%) interest per annum from the county treasury to the purchaser, the purchaser's successors or assigns, or the purchaser of the certificate of sale under IC 6–1.1–24 if it is found by the court that entered the order for the tax deed that:

(1) the real property described in the deed was not subject to the taxes for which it was sold....

Gupta argues that "I.C. 6–1.1–25–4.6(h) must be read with the rest of I.C. 6–1.1–25–4.6. The statute is written to prevent the previous owner from returning years later to set aside the tax sale. The statute is not written to prevent a tax sale buyer from correcting the mistakes and deceptive acts of the county." Appellant's Brief at 13.

We note that subsection (c) of Ind.Code § 6–1.1–25–11 provides that "[a] refund may not be made under this section while an action initiated under either section 14 or 16 of this chapter is pending." Ind. Code § 6–1.1–25–16 is titled, "Defeating title conveyed by tax deed; proof required," and provides that "[a] person may, upon appeal, defeat the title conveyed by a tax deed executed under this chapter only if ... the tract or real property described in the deed was not subject to the taxes for which it was sold...." In effect, Gupta's motion to set aside the tax sale constituted an action under Ind.Code § 6–1.1–25–16 because Gupta alleged that "the real property described in the deed was not subject to the taxes for which it was sold." Appellant's Appendix at 25.

This court has previously held that the proper procedure for appealing the issuance of a tax deed under Ind.Code § 6–1.1–25–16 is found in Ind. Trial Rule 60. *See Kessen v. Graft* 694 N.E.2d 317, 320 (Ind.Ct.App.1998), *trans. denied.*[4] As previously mentioned, this court has held that both available remedies, either a Trial Rule 60(B) motion or an independent action, are subject to the same sixty-day statutory time limit pursuant to Ind.Code § 6–1.1–25–4.6(h). *Edwards,* 898 N.E.2d at 347–348 (relying upon *BP Amoco Corp.,* 808 N.E.2d at 690). Because Gupta's motion was in effect, at least in part, a challenge under Ind.Code § 6–1.1–25–16 and such a motion is subject to the sixty-day time limit of Ind.Code § 6–1.1–25–4.6, we conclude that the sixty-daytime limit applies to Gupta's motion. As previously mentioned, Gupta did not file his motion to set aside and declare the tax sale void in the trial court until more than two years and eight months after the trial court entered an order directing the County Auditor to issue a tax deed relating to Gupta's parcel. We conclude that the trial court properly denied Gupta's motion to set aside the tax sale deed because the motion was not timely filed.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

CRONE, J., and BRADFORD, J., concur.

---

4. We note that the sixty-day time limitation in Ind.Code § 6–1.1–25–4.6 was added in 2001. *See* Pub.L. No. 139–2001, § 17 (eff. July 1, 2001).