## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon L. Orlosky
Muncie, Indiana

ATTORNEYS FOR APPELLEES

Phillip E. Stephenson
Michael T. Hotz
Spitzer Herriman Stephenson
Holderead Conner & Persinger,
LLP
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M Doed, LLC,

*Appellant-Petitioner,*

v.

Wyeth S. Barrington, Pamela L. Barrington, City of Marion, Ed Blinn, Jr., Blinn Auto Sales, Credit Bureau Collection Services FDBA, Credit Bureau Collection Services FDBA, and Grant County Auditor, Roger Bainbridge,

*Appellees-Respondents,*

February 27, 2017

Court of Appeals Case No.
27A02-1609-MI-2062

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1509-MI-184

**Najam, Judge.**

## Statement of the Case

M Doed, LLC ("Doed") appeals the trial court's denial of its Motion to Declare Tax Sale Void *Ab Initio*. Doed presents a single dispositive issue for our review, namely, whether the trial court erred when it denied the motion. We do not reach the merits of Doed's appeal, however, because it did not timely file its motion. We affirm.

## Facts and Procedural History

On September 18, 2014, Grant County held its "annual tax sale," and Doed purchased real estate located at 1015 West 50th Street in Marion. Appellee's Br. at 4. The parcel included a house that, according to the "property card"[1] issued by Grant County, had a "Finished Area" of 2161 square feet with three bedrooms, two bathrooms, and a fireplace. Petitioner's Ex. 1. Prior to purchasing the property, Tom Terry, a member of Doed, "looked at the property sheet" and "did a drive by" to assess the house. Tr. at 10-11. Terry was not permitted to enter the house until after the tax deed was issued.

On September 24, 2015, Doed filed a verified petition for an order directing the Auditor of Grant County to issue a tax deed. And on October 30, the trial

---

[1] Doed uses the term "property card" to describe the document containing information the county used in assessing the property for real estate tax purposes.

court granted that petition.  On January 19, 2016, Doed filed a Motion to Allow for a Belated Redemption, which the trial court denied after a hearing.[2]

[4]  Six months later, on July 14, 2016, Doed filed its motion to declare the tax sale void *ab initio*.  In that motion, Doed alleged that the tax sale was "based on a tax assessment including improvement which the property was not subject to pay" and "is void *ab initio*."  Appellant's App. at 7.  At a hearing on that motion, Doed presented evidence that, contrary to the information contained on the property card, the house:  was "two[-]thirds" unfinished; had only two bedrooms instead of three; had only one bathroom instead of two; and had no fireplace.  Tr. at 13.  Doed argued that these discrepancies between the property card and the condition of the house rendered the assessment for tax purposes incorrect.  Thus, Doed asserted that it was entitled to have the tax sale declared void *ab initio*.  The trial court denied Doed's motion.  This appeal ensued.

## Discussion and Decision

[5]  Doed contends that the trial court erred when it denied his motion to set aside the tax sale as void *ab initio*.  An appeal from the issuance of a tax deed can be filed through either an independent action or a motion pursuant to Trial Rule 60(B).  *BP Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 690 (Ind. Ct. App. 2004),

---

[2]  In that motion, Doed sought to set aside the tax sale because, it alleged, Grant County had not timely provided Doed with notice of "building violations."  Corrected Appellee's App. at 2.  Neither in that motion nor in the ensuing hearing did Doed mention that the condition of the house was not consistent with the information contained in the property card.

*trans. denied*. Doed did not bring its motion under Trial Rule 60(B), but brought it as an independent action. Where a party who had the burden of proof at trial appeals, he appeals from a negative judgment and will prevail only if he establishes that the judgment is contrary to law. *Helmuth v. Distance Learning Sys., Ind., Inc.*, 837 N.E.2d 1085, 1089 (Ind. Ct. App. 2005). A judgment is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to only one conclusion but the trial court reached a different conclusion. *Id.* Where, as here, the trial court entered a general judgment, the judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence. *Id.* In making this determination, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.*

[6]     In this appeal, Doed maintains that

> [t]ax sale purchasers must be able to rely upon the official records of the county in which a tax sale is held when conducting due diligence research prior to a tax sale. If the information supplied by the county is significantly inaccurate, the tax sale purchaser should not be bound by the purchase. . . . In addition, when the inaccuracies contained in the official records affect the manner in which a property is assessed, it opens the door for a tax sale to be set aside under Indiana Code Section 6-1.1-25-16[,] as the property was not subject to the taxes for which it was sold.

Appellant's Br. at 6. In sum, Doed contends that it is entitled to have the tax sale set aside both under "the doctrine of estoppel," *id.*, and under Indiana

Code Section 6-1.1-25-16(1) (2016), which provides that a person may move to set aside a tax sale if the "real property described in the deed was not subject to the taxes for which it was sold."

[7] We do not reach the merits of this appeal because Doed did not timely file its motion to set aside the tax sale. In *Gupta v. Jay County Auditor*, 910 N.E.2d 796 (Ind. Ct. App. 2009), Gupta, a tax sale purchaser, moved to set aside the tax sale because, he alleged, "the real property described in the deed was not subject to the taxes for which it was sold." *Id.* at 801. In particular, Gupta alleged that the assessment was inaccurate because "[t]he building [wa]s sitting on many parcels [and a] portion of [the building was] owned by [a] different owner." *Id.* at 798. We affirmed the trial court's denial of that motion, holding as follows:

> This court has held that both available remedies [to appeal the issuance of a tax deed], either a Trial Rule 60(B) motion or an independent action, are subject to the same sixty-day statutory time limit pursuant to Ind. Code § 6-1.1-25-4.6(h). *Edwards*[ *v. Neace*], 898 N.E.2d [343,] 347-348 (relying upon *BP Amoco Corp.*, 808 N.E.2d at 690). Because Gupta's motion was in effect, at least in part, a challenge under Ind. Code § 6-1.1-25-16 and such a motion is subject to the sixty-day time limit of Ind. Code § 6-1.1-25-4.6, we conclude that the sixty-day time limit applies to Gupta's motion. . . . Gupta did not file his motion to set aside and declare the tax sale void in the trial court until more than two years and eight months after the trial court entered an order directing the County Auditor to issue a tax deed relating to Gupta's parcel. We conclude that the trial court properly denied Gupta's motion to set aside the tax sale deed because the motion was not timely filed.

*Id.*

Here, in its motion to set aside the tax sale, Doed expressly relied on Indiana Code Section 6-1.1-25-16 and, therefore, under Indiana Code Section 6-1.1-25-4.6(h), Doed was required to move the trial court to set the tax sale aside within sixty days of the trial court's October 30, 2015, order to issue the tax deed. Doed did not file its motion until July 14, 2016, more than eight months after the trial court's order. Thus, we hold that Doed's motion to set aside the tax sale was untimely,[3] and the trial court did not err when it denied the motion.

Affirmed.

Bailey, J., and May, J., concur.

---

[3] Citing *Bank One Trust No. 386 v. Zem, Inc.*, 809 N.E.2d 873, 879 n.4 (Ind. Ct. App. 2004), *trans. denied*, Doed maintains that, because the tax sale is "void *ab initio*, it 'can be challenged at any time.'" Appellant's App. at 7. But Doed's reliance on *Zem* is misplaced. In *Zem*, this court affirmed the trial court's order declaring the tax sale void *ab initio* because the property was tax-exempt, and there were no taxes owing on the property. 809 N.E.2d at 879. Here, Doed did not dispute that there were delinquent taxes but, rather, argued in essence only that the *amount* of taxes owing was incorrect given the allegedly inaccurate assessment. This court's opinion in *Gupta* is dispositive.