Samuel ATKINS, Appellant–Defendant,

v.

John D. NIERMEIER, Appellee–Plaintiff.

No. 31A01–9603–CV–90.

Court of Appeals of Indiana.

Sept. 30, 1996.

H. Lloyd Whitis, Corydon, for Appellant.

Maryland L. Austin, Corydon, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Samuel Atkins appeals from the trial court's declaratory judgment which set aside a corporate warranty deed issued to him by Ownership America, Inc. ("Ownership America"). Atkins had paid delinquent taxes with penalties in an attempt to redeem the property. The court concluded that John D. Niermeier had previously been issued a tax sale certificate on the property and that Atkins' interest was subject to Niermeier's rights as a tax sale purchaser.[1]

We affirm in part and reverse in part.

### ISSUES

Atkins presents three issues for our review which we restate as:

1. Whether the trial court erred when it determined that the tax sale certificate created a lien on the real estate.

2. Whether the trial court erred when it declared the corporate warranty deed void.

3. Whether the trial court erred when it extended the time for redemption.

### FACTS

Ownership America, an Ohio corporation, owned a tract of real estate in Harrison County. On October 8, 1993, Niermeier purchased the property at a tax sale conducted by the Harrison County Auditor. Atkins did not attend the tax sale, but he also wanted to purchase the property. With that intention, on April 28, 1994, he paid the delinquent taxes with penalties on the property. The Harrison County Auditor then informed Niermeier by letter that the "owner" had redeemed the property and requested that Niermeier relinquish his tax sale certificate. Niermeier returned the certificate, filed a claim with Harrison County, and received a

---

1. The Real Property Tax Sales and Redemption of Property—Tax Deeds statutes are found at Indiana Code §§ 6–1.1–24–1 to 14 and 6–1.1–25–1 to 19.

refund equal to 115% of his bid. *See* IND. CODE § 6–1.1–25–2(b)(2).

On January 30, 1995, after learning that the *owner* had not redeemed the property, Niermeier filed his "Complaint for Declaratory Judgment and Petition to Extend Tax Sale Date of Redemption." He named Ownership America, Atkins, the Auditor and the Treasurer of Harrison County as defendants. Niermeier asserted that the payment made by Atkins was not a valid redemption of the property. He requested the return of the tax sale certificate as well as a 60–day extension of the time period for redemption of the real estate so that he could provide notice pursuant to the tax sale statutes.

On April 10, 1995, before the trial on Niermeier's complaint, Ownership America conveyed title to the real estate to Atkins by a corporate warranty deed. Atkins recorded the deed. He also paid both real estate tax installments due in 1995.

The trial court entered its declaratory judgment on November 22, 1995. The court ordered the county auditor and treasurer to reissue a tax sale certificate to Niermeier upon Niermeier's return of the amount previously remitted to him. It determined that Ownership America did not have the "capacity" to issue a warranty deed and declared the deed void. The court extended the period of redemption until February 1, 1996, and further ordered the county officers to refund the money Atkins had paid as his purported "redemption." Atkins now appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ Atkins appeals from a declaratory judgment entered after a bench trial. When a cause is tried to the court without a jury, at law or in equity, we will not set aside the judgment unless it is clearly erroneous. Ind. Trial Rule 52(A). A determination is clearly erroneous when a review of the evidence leaves us with a firm conviction that the trial court erred. *Chase Manhattan Bank v. Lake Tire Co.*, 496 N.E.2d 129, 131 (Ind.Ct. App.1986). When the facts of a case are not in dispute and the only allegation of error is that the trial court misapplied the law, our

task on review is to correctly apply the law to the undisputed facts. *Coplen v. Omni Restaurants, Inc.*, 636 N.E.2d 1285, 1286 (Ind.Ct.App.1994). However, the trial court has the authority to fashion a remedy to cure whatever injustice has occurred and to give other just and equitable relief. *Board of Sch. Trustees of Baugo Community Sch. v. Indiana Educ. Employment Relations Bd.*, 412 N.E.2d 807, 810–11 (Ind.Ct.App.1980).

### Issue One: Statutory Lien

■ Atkins contends that the trial court erred when it determined that the tax sale certificate created a valid lien on the property. In the alternative, Atkins claims that the tax sale is void because Niermeier surrendered the tax sale certificate. We disagree with both assertions.

■ After a tax sale purchaser pays the amount bid as shown by the receipt of the county treasurer, the county auditor must deliver a certificate of sale to that purchaser. IND. CODE § 6–1.1–24–9(a). The tax sale certificate does not convey title to the purchaser but merely creates a lien in the purchaser for the amount of taxes paid and the right to exchange the certificate for a tax deed when the period of redemption expires. IND. CODE §§ 6–1.1–24–9(b), 6–1.1–25–4; *Smith v. Breeding*, 586 N.E.2d 932, 937–38 (Ind.Ct.App.1992). The lien for the amount of taxes paid is superior to all liens against the real property which exist at the time the certificate is issued. IND. CODE § 6–1.1–24–9(b). The redemption phase, or tax deed phase, commences with the issuance of a certificate of sale and terminates upon expiration of the one year statutory period of redemption. *See* IND. CODE § 6–1.1–25–4; *Northern Indus., Inc. v. Board of Comm'rs of County of Delaware*, 627 N.E.2d 1319, 1321 (Ind.Ct.App.1994). The one year redemption period is a grace period in which persons with interests in tax sale property may protect those interests. *See Metro Holding Co. v. Mitchell*, 589 N.E.2d 217, 219 (Ind.1992).

Here, Niermeier purchased the property at a tax sale on October 8, 1993, and obtained a valid statutory lien on the property at that

time. With the intent of purchasing the property, Atkins paid the delinquent taxes on April 28, 1994, but that payment did not qualify as a redemption. The redemption of real property from a tax sale is governed by statute. Indiana Code § 6–1.1–25–1 states in relevant part:

> An occupant or person with a *substantial property interest of public record* (as defined in IC 6–1.1–24–1.9) in a tract sold under IC 6–1.1–24 may redeem the tract at any time before the date when the county auditor is required to issue a tax deed under section 4 of this chapter by paying to the county treasurer the amount required for redemption under section 2 of this chapter.

IND. CODE § 6–1.1–25–1 (emphasis added). "Substantial property interest of public record" is defined as:

> title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection in the office of a circuit court clerk no later than the hour and date the sale is scheduled to commence under this chapter. The term does not include a lien held by the state or a political subdivision.

IND. CODE § 6–1.1–24–1.9.

Atkins did not hold a "substantial property interest of public record" in the property, and he was without standing to redeem the property on April 28, 1994. Although the document memorializing his payment of the delinquent taxes states, "Tax Sale Red[emption] Pd for Ownership America," Record at 12, Atkins was not, in fact, acting on behalf of Ownership America. Rather, he was a stranger to the tax sale, and his payment of the taxes and penalties did not constitute a redemption as contemplated by Indiana Code § 6–1.1–25–1.

■ The county auditor instructed Niermeier to relinquish his tax sale certificate because the "owner" had redeemed the property. Record at 13. Niermeier relied upon that erroneous information when he returned the certificate to the auditor. Atkins now asserts that Niermeier's return of the certificate constituted a waiver of the lien.

■ Niermeier did not voluntarily relinquish his tax sale certificate. Rather, he acted without knowledge of the material facts in reliance upon directions from the county auditor. A court of equity has the power to require that to be done which should have been done. *Walter v. Balogh*, 619 N.E.2d 566, 568 (Ind.1993). It was within the trial court's equitable power to order the county auditor to reissue a tax sale certificate to Niermeier and thereby to reinstate his lien acquired pursuant to Indiana Code § 6–1.1–24–9(b). We find no error.

### Issue Two: Warranty Deed

■ In a related argument Atkins contends that the trial court erred when it determined that the warranty deed issued to him by Ownership America was void. Specifically, Atkins argues that the court had no legal basis upon which to void the deed.[2]

Having failed in his first attempt to secure ownership of the property, Atkins purchased the tract directly from Ownership America and received a corporate warranty deed dated April 10, 1995. Atkins recorded the deed three days later. Transfer by a warranty deed guarantees that real estate is free from all encumbrances and that the transferor will warrant and defend the title against all lawful claims. IND. CODE § 32–1–2–12; *Rieddle v. Buckner*, 629 N.E.2d 860, 864 (Ind.Ct. App.1994). The corporate warranty deed issued by Ownership America purported to convey title to the property to Atkins in fee simple free from encumbrances. *See* I.C. § 32–1–2–12.

■ At the time of the transfer on April 10, 1995, Niermeier no longer held the tax sale certificate. However, on January 30, 1995, approximately two and one-half months before Ownership American issued the warranty deed, Niermeier had filed suit seeking reinstatement of the certificate. Atkins en-

---

2. Atkins also contends that the court did not have jurisdiction over Ownership America. Any interest which Ownership American may have had in the property, including its statutory right of redemption, was extinguished by its warranty deed to Atkins. Therefore, Ownership America is not a necessary party to this action.

tered an appearance as a defendant in Niermeier's suit. Thus, Atkins had actual knowledge of Niermeier's claim, and he accepted the warranty deed from Ownership America with knowledge of a cloud on the title to the property. *See Altman v. Circle City Glass Corp.*, 484 N.E.2d 1296, 1298 (Ind.Ct.App. 1985) (notice is actual when it has been directly and personally given), *trans. denied.* Atkins was not an innocent purchaser for value without notice of an adverse claim, and Niermeier's claim is enforceable against him.

 While Atkins did not receive title free from all encumbrances, we cannot agree with the trial court that Ownership America lacked "capacity" to convey title to the real estate.[3] The redemption statute does not deprive a delinquent taxpayer of his right to convey property after a tax sale and prior to its redemption. Therefore, the warranty deed Atkins received was not void at its inception. Although the trial court premised its judgment on the erroneous finding that Ownership America lacked capacity to make the deed, it nonetheless reached the correct result, namely, that Atkins could not cut off Niermeier's rights as the tax sale purchaser merely by taking title to the property.

Here, Ownership America's warranty deed conveyed the grantor's right to redemption, which is derivative of the right to ownership. *See* 5B G.W. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 2765, at 508 (J.S. Grimes ed. 1978) (right of redemption is not personal to owner; deed by former owner whose land has been sold at tax sale merely transfers right to redeem). Upon delivery of the deed, Atkins acquired title to the property, but his interest was subject to Niermeier's lien and right to exchange the tax sale certificate for a tax deed in the manner provided under the tax sale statutes.

### Issue Three: Extension of Redemption Period

 Finally, Atkins asserts that the trial court erred when it extended the redemption period so that Niermeier could satisfy the statutory notice requirements. Again, we must disagree.

Niermeier was entitled to receive a tax deed to the property sold only if (1) the applicable one-year redemption period had expired; (2) the property had not been redeemed; and (3) he had given proper notice to the owner and any person with a substantial property interest of public record. *See* IND. CODE § 6–1.1–25–4.5(a). Niermeier bought the property on October 8, 1993, and the original redemption period expired on October 8, 1994. In order to obtain title to the property, Niermeier was required to provide notice of the sale and the redemption period expiration date pursuant to Indiana Code § 6–1.1–25–4.5(a)(3) and to file a petition for a tax deed under Indiana Code § 6–1.1–25–4.6(a). Niermeier did not comply with the statutory provisions because he had been directed to surrender his tax certificate.

 The time within which one may redeem from a tax sale may be extended when the tax sale purchaser fails to give the required statutory notice of expiration of the redemption period. 72 AM. JUR.2d *State and Local Taxation* § 1004, at 281 (1974). This court has, permitted the statutory time for redemption from a tax sale to be enlarged. *See, e.g., Board of Comm'rs of County of Hancock v. Forth*, 528 N.E.2d 490, 492 (Ind.Ct.App.1988) (redemption was timely when it occurred within notice provided, even though beyond statutory redemption period), *trans. denied.* Thus, the one-year statutory period for redemption may be extended in the proper circumstances.

Here, Niermeier did not give the notice prescribed by law, but that was not due to any failure on his part. He was deprived of his opportunity to comply with the tax sale statutes because he relied in good faith upon the information provided by a public official. We conclude that the trial court did not err when it extended the prescribed time for redemption so that Niermeier could comply

---

3. The trial court stated that Niermeier's prior lien on the property precluded Ownership America from having the capacity to issue a warranty deed. We agree that Ownership America could not make covenants of good title and could not convey a fee simple title without limitation or condition to Atkins. However, the defect in title did not render the underlying conveyance invalid.

with the statutory provisions and pursue his right as a tax sale purchaser to acquire the property.

However, Niermeier's right to acquire the property as a tax sale purchaser is subject to Atkins's superior right as the present owner to redeem the property. The trial court had extended the period of redemption until February 1, 1996, a time that has now expired. Atkins rather than Ownership America was entitled to notice and a final right to redeem under Indiana Code § 6–1.1–25–6. Therefore we remand this case with instructions that Atkins be given a reasonable time within which to exercise his right of redemption and for other proceedings not inconsistent with this opinion.

We hold that the warranty deed from Ownership America to Atkins was not void but was delivered subject to the lien and operation of the tax sale statutes. In all other respects we affirm the decision of the trial court.

Affirmed in part, reversed in part and remanded with instructions.

ROBERTSON and KIRSCH, JJ., concur.