**BOARD OF COMMISSIONERS OF the COUNTY OF VANDERBURGH, Appellant,**

v.

**John W. MUNDY, Appellee.**

**No. 82A04–0209–CV–449.**

Court of Appeals of Indiana.

Feb. 20, 2003.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

Lani A. Ethridge, Evansville, IN, Attorney for Appellee.

**OPINION**

MATHIAS, Judge.

John R. Mundy ("Mundy") filed a motion for refund in Vanderburgh Superior Court for the purchase price from the purchase of a parcel of property at a tax sale. The trial court granted the motion for refund and ordered that the purchase price minus a penalty of twenty-five percent be returned to Mundy. The Board of Commissioners of the County of Vanderburgh ("the Board") appeals, raising one issue, which we restate as whether the trial court erred when it held that Mundy was entitled to a refund of his purchase price minus a penalty of twenty-five percent under Indiana Code section 6–1.1–25–

4.6(d). Finding that Mundy was entitled to a refund less the statutory twenty-five percent penalty, we affirm.

### Facts and Procedural History

On March 8, 2002, Mundy purchased the parcel of real property commonly known as 1412 Fountain Avenue, Evansville, Indiana at an expedited tax sale held by the Auditor of Vanderburgh County. The purchase price was $2735.72. Mundy sent out notice of his purchase of the property at the tax sale to all persons with a substantial property interest of public record in the property in compliance with Indiana Code section 6–1.1–25–4.5. On April 18, 2002, Mundy filed a document entitled "Affidavit of Donna M. Bush Regarding Service of Notice under I.C. 6–1.1–25–4.5" with the trial court as evidence that the notice was sent. Appellee's App. pp. 3–16.

On or about May 24, 2002, Mundy received notice from the City of Evansville Department of Code Enforcement, stating that they had issued an order requiring the property to remain vacant and secure, and further requiring the house on the property to be razed and the lot cleared and leveled by July 10, 2002. On June 4, 2002, Mundy filed a motion for refund, stating that he had complied with the notice requirement of Indiana Code section 6–1.1–25–4.5, and therefore, under Indiana Code section 6–1.1–25–4.6, he was entitled to a refund of his purchase price minus a twenty-five percent penalty. A hearing was held on the motion on June 25, 2002, and the trial court took the matter under advisement. On August 21, 2002, the trial court granted Mundy's motion and ordered that the purchase price minus a penalty of twenty-five percent be returned to Mundy. The Board now appeals.

### Discussion and Decision

The interpretation of a statute is a question of law reserved for the courts. *Raab v. Town of Schererville,* 766 N.E.2d 790, 792 (Ind.Ct.App.2002) (citing *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct.App. 2000), *trans. denied* ). We review questions of law under a de novo standard, and we owe no deference to a trial court's legal conclusions. *Id.* "When a statute is clear and unambiguous on its face, this court may not interpret the statute. Instead we must hold the statute to its clear and plain meaning." *Conseco Fin. Servicing Corp. v. Friendly Vill. of Indian Oaks,* 774 N.E.2d 87, 93 (Ind.Ct.App.2002) (internal citations omitted).

The Board argues that Indiana Code section 6–1.1–25–4.6(d) does not allow for tax sale purchasers who get buyer's remorse to obtain a refund of their purchase price minus a penalty of twenty-five percent. The Board believes that allowing such a refund is contrary to the plain meaning of the statutory language and is contrary to the purpose for which the tax sale statute was enacted. Under the facts and circumstances before us, where the Board wishes to foster the purchase and rehabilitation of distressed real estate but then notifies the purchaser slightly more than two months after purchase that he will also have the privilege of paying to raze the property, we disagree.

Under tax sale procedure, when a property is purchased at a tax sale, the purchaser is issued a tax certificate, which gives the purchaser a lien on the property. The lien becomes a tax deed if the purchaser fulfills the prerequisites contained in Indiana Code sections 6–1.1–25–4.5 and 6–1.1–25–4.6. Ind.Code §§ 6–1.1–24–9, 6–1.1–25–4.5, and 6–1.1–25–4.6 (2000 & Supp. 2002). First, the purchaser is required to send notice to the owner and to each entity having significant interest in the property at the time of the sale, stating that the property has been purchased at a tax sale and that the purchaser intends to file a petition for a tax deed. Ind.Code § 6–1.1–

25-4.5. The notice must include the purchase price, the redemption period, and a statement that any person may redeem the property, among other things. *Id.* This notice must be sent within nine months of the tax sale and before the redemption period expires. *Id.* After the redemption period expires, when the purchaser files a petition for a tax deed, a second notice must be sent to the same parties. Ind. Code § 6–1.1–25–4.6. This notice states that a petition for a tax deed has been filed and that any objections to the petition must be filed in writing within thirty days after the petition was filed. *Id.* If the purchaser fulfills these requirements and the property is not redeemed, the trial court shall enter an order directing the county auditor to issue a tax deed to the purchaser. *Id.*

In the present case, Mundy purchased the property at a tax sale on March 8, 2002. In compliance with Indiana Code section 6–1.1–25–4.5, he sent out the first notice to the required parties and provided evidence of this notice to the trial court on April 18, 2002. Mundy then received notice dated May 21, 2002 from the City of Evansville Department of Code Enforcement, stating that an order had been issued that the property remain vacant and secure, and requiring the house on the property to be razed and the lot cleared and leveled by July 10, 2002. The redemption period for the property would not have expired until July 8, 2002, and the tax deed could not have been issued until at least thirty days after that date. On June 4, 2002, and without filing a petition for a tax deed or sending the accompanying notice, Mundy filed a motion for refund seeking a refund of his purchase price less the twenty-five percent penalty.

Mundy complied with Indiana Code section 6–1.1–25–4.5 by sending notice to the required persons and including the proper information. However, Mundy did not file a petition for a tax deed nor did he send the required notice of his tax deed petition.

The provision at issue states:

Except as provided in subsection (e) and (f), if the court refuses to enter an order directing the county auditor to execute and deliver the tax deed because of the failure of the purchaser or the purchaser's assignee to fulfill the requirements of this section, the court shall order the return of the purchase price minus a penalty of twenty-five percent (25%) of the amount of the purchase price. Penalties paid under this subsection shall be deposited in the county general fund.

Ind.Code § 6–1.1–25–4.6(d) (2000 & Supp. 2002).

The Board contends that the plain meaning of the words, "failure" and "refuses," used in the statute provision dictate that notice under Indiana Code section 6–1.1–25–4.6 must be given before a refund can be granted. They argue that one cannot fail at something unless they attempt to do it and that the trial court cannot refuse to enter an order unless an application has been made for the order. We disagree.

The provision at issue states that the trial court shall order the refund if the purchaser fails to meet the requirements of Indiana Code section 6–1.1–25–4.6. These requirements include filing a petition for a tax deed and sending the notice to the required parties. It is not unreasonable to say that someone fails to meet these requirements when he chooses not to do them.

Other provisions of the statute lead us to the same conclusion. Under subsection (e), where a purchaser "has made a bona fide attempt to comply with the statutory requirements ... for the issuance of the tax deed but has failed to comply with

these requirements," and the trial court refuses to enter an order to execute the tax deed because of this failure, the purchaser is entitled to a full refund plus interest. This subsection allows a full refund when the purchaser had made a bona fide attempt to comply with the requirements but fails. Subsection (e) deals with the situation where the purchaser actually attempts to meet the requirements but fails for some reason, and the trial court does not order the execution of the tax deed for that reason. That is the situation that the Board believes that subsection (d) speaks to; however, since subsection (e) already applies to that situation, subsection (d) must be meant to apply to situations where purchasers have failed to meet the requirements without making a bona fide attempt to comply.

Under subsection (f), if the purchaser failed to provide notice under Indiana Code section 6–1.1–25–4.5 and the tax sale is otherwise valid, the trial court shall not order a refund of the purchase price. This subsection states that sending notice under section 6–1.1–25–4.5 is a necessary requirement to receive a refund. Mundy did send the required notice under section 6–1.1–25–4.5, and therefore, subsection (f) does not apply to him.

Mundy complied with section 6–1.1–25–4.5, but did not make a bona fide attempt to comply with the requirements of section 6–1.1–25–4.6, and therefore, subsection (d) applies to him. We hold that Mundy did not have to send the notice required under section 6–1.1–25–4.6 to constitute a "failure of the purchaser . . . to fulfill the requirements of this section." Ind.Code § 6–1.1–25–4.6(d). Because Mundy failed to fulfill the requirements of section 6–1.1–25–4.6, the trial court did not err when it granted Mundy's motion for refund of his purchase price minus a penalty of twenty-five percent.

Affirmed.

BAKER and RILEY, JJ., concur.