In re PARCELS SOLD FOR DELINQUENT TAXES.

Vanderburgh County Auditor, et al., Appellants,

v.

Michiana Campgrounds LLC, Appellee.

No. 82A01–0601–CV–13.

Court of Appeals of Indiana.

Aug. 30, 2006.

Nick J. Cirignano, Jean M. Blanton, Ziemer, Stayman, Weitzel, & Shoulders, LLP, Evansville, IN, Attorneys for Appellant.

Scott Richards, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Vanderburgh County Auditor (Vanderburgh County) appeals the trial court's Order granting Appellee–Defendant's, Michiana Campgrounds LLC (Michiana), Motion to Refund Purchase Price Minus 25% Penalty.[1]

We affirm.

### ISSUE

Vanderburgh County raises two issues on appeal, which we consolidate and restate as the following issue: Whether the trial court erred when it held that Michiana was entitled to a refund of its purchase price minus a penalty of twenty-five percent under Indiana Code section 6–1.1–25–4.6(d).

### FACTS AND PROCEDURAL HISTORY

On August 12, 2005 and August 29, 2005, following a Vanderburgh County tax sale held a year prior, the tax sale purchaser, Michiana, filed its Motions to Refund Purchase Price Minus 25% Penalty with regard to two separate parcels, conceding that it "has not nor will be asking for a tax deed" to the properties. (Appellant's App. tab A & C). Michiana filed petitions for the issuance of tax deeds on several other parcels it had purchased.

On August 12, 2005, on the same day Michiana filed its motion with regard to parcel 1111022019008, the trial court granted Michiana's motion for refund. On August 26, 2005, Vanderburgh County filed its objection to the motion. On December 8, 2005, following a hearing on Michiana's motions with respect to both parcels, the trial court ordered Vanderburgh County to refund the purchase price of the parcels minus a twenty-five percent penalty.

Vanderburgh County now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Vanderburgh County contends that the trial court erred in granting Michiana's motion for a refund. Specifically, Vanderburgh County argues that Ind.Code § 6–1.1–25–4.6(d) does not allow for tax sale purchasers to obtain a refund when the purchaser simply opts not to file a verified petition for a tax deed. Vanderburgh County maintains that granting such a refund is not only contrary to the statutory language but also to the purpose of Indiana's tax sale legislation.

In the instant case, we are called upon to interpret Indiana's statute concerning real property tax sales, as enacted in I.C. § 6–1.1–25 et seq. A question of statutory interpretation is a matter of law to be determined de novo by this court. Pendleton v. Aguilar, 827 N.E.2d 614, 619 (Ind. Ct.App.2005), reh'g denied, trans. denied. We are not bound by a trial court's legal interpretation of a statute and need not give it deference. Id. We independently determine the statute's meaning and apply it to the facts before us. Id. During our review, the express language of the statute and the rules of statutory construction apply. Id. We will examine the statute as a whole, and avoid excessive reliance on a strict literal meaning or selective reading of words. Id.

Under tax sale procedure, when a property is purchased at a tax sale, the purchaser is issued a tax certificate which

---

1. We hereby deny Appellant's motion for oral argument.

gives the purchaser a lien on the property. The lien becomes a tax deed if the purchaser fulfills the prerequisites contained in Indiana Code sections 6–1.1–25–4.5 and 6–1.1–25–4.6. First, the purchaser is required to send notice to the owner and to each entity having significant interest in the property at the time of the sale, stating that the property has been purchased at a tax sale and that the purchaser intends to file a petition for a tax deed. I.C. § 6–1.1–25–4.5. The notice must include the purchase price, the redemption period, and a statement that any person may redeem the property, among other things. *Id.* After the redemption period expires, when the purchaser files a petition for a tax deed, a second notice must be sent to the same parties. I.C. § 6–1.1–25–4.6. This notice must state that a petition for a tax deed has been filed and that any objections to the petition must be filed in writing within thirty days after the petition was filed. *Id.* If the purchaser fulfills these requirements and the property is not redeemed, the trial court shall enter an order directing the county auditor to issue a tax deed to the purchaser. *Id.*

In the present case, Michiana purchased the properties at a tax sale in August of 2004. In compliance with I.C. § 6–1.1–25–4.5, it sent out the first notice to the required parties and provided evidence of this notice to the trial court. The notices stated that the redemption period would expire on August 30, 2005. However, prior to the expiration of this redemption period and without filing a petition for a tax deed or sending the accompanying notices, Michiana filed its Motions to Refund Purchase Price Minus 25% Penalty based on I.C. § 6–1.1–25–4.6(d). Indiana Code Section 6–1.1–25–4.6(d) states:

> Except as provided in subsection (e) and (f), if the court refuses to enter an order directing the county auditor to execute and deliver the tax deed because of the failure of the purchaser or the purchaser's assignee to fulfill the requirements of this section, the court shall order the return of the purchase price minus a penalty of twenty-five percent (25%) of the amount of the purchase price. Penalties paid under this subsection shall be deposited in the county general fund.

For a discussion of this statute, both parties focus our attention on the same set of cases. In *Board of Com'rs of County of Vanderburgh v. Mundy,* 783 N.E.2d 742, 745 (Ind.Ct.App.2003), *trans. denied,* we held that under I.C. § 6–1.1–25–4.6(d) a tax purchaser does not have to send the notice of tax deed petition in order to obtain a refund, minus a 25% penalty. In *Mundy,* Mundy purchased a parcel of real property at an expedited tax sale held by the Vanderburgh County Auditor. *Id.* at 743. Approximately six weeks after sending out his notice of purchase to all persons with a substantial interest in the property, Mundy received a notice from the City of Evansville requiring the property to remain vacant and secure, and further mandating the house on the property be razed and the lot cleared and leveled by a certain date. *Id.* Mundy filed a motion for refund minus a twenty-five percent penalty pursuant to I.C. § 6–1.1–25–4.6(d). *Id.*

Disagreeing with the Board's argument that the plain meaning of the words, "failure" and "refuses," used in the statute provision dictate that notice must be given before a refund can be granted, the *Mundy* court noted that upon reading the requirements listed in I.C. § 6–1.1–25–4.6(d), filing a petition for a tax deed and notice to the parties, it is "not unreasonable to say that someone fails to meet these requirements when he chooses not to do them." *Id.* at 744. After eliminating the application of the other statutory provi-

sions granting a refund of the purchase price, we concluded that because Mundy did not make a bona fide attempt to comply with the notice and filing requirements of I.C. § 6–1.1–25–4.6, he was ineligible to receive a full refund of the purchase price under I.C. § 6–1.1–25–4.6(e). *Id.* at 745. Nevertheless, we found that Mundy was not required to send out a notice prior to establishing a "failure" under I.C. § 6–1.1–25–4.6(d) and accordingly, awarded him a refund of his purchase price minus a twenty-five percent penalty. *Id.*

Approximately one month after deciding *Mundy,* we handed down our opinion in *Lake County Auditor v. Bank Calumet,* 785 N.E.2d 279 (Ind.Ct.App.2003). In *Bank Calumet* we were called upon to decide whether a trial court pursuant to its inherent equitable powers could set aside a valid tax sale, rescind the certificate of sale, and order a full refund of the purchase price. *Id.* at 280. We held it could not. *Id.* at 284. In *Bank Calumet,* the Bank inspected the property prior to the tax sale and found the property satisfactory for purchase. *Id.* at 280. However, several months following the tax sale, the Bank performed a second inspection and discovered that the building upon the property had been demolished by an unknown party, thereby leaving the property without any real significant value. *Id.* Upon discovering the demise in value, the Bank filed a Verified Petition for Rescission of Tax Sale Certificate and for Refund which was granted by the trial court pursuant to its inherent equitable powers. *Id.*

Initially noting that real property tax sales are governed by statute, we stated that where substantial justice can be accomplished by following the law, equity follows the law. *Id.* at 281. Reaching back to the doctrine of *caveat emptor,* we noticed that in the absence of an express statute, Indiana appellate courts have tra-

ditionally prevented a tax sale purchaser to recover the purchase price if the sale proves unsatisfactory. *Id.* Thus, we clarified, as equity follows the law, the Bank was required to show a statute which entitled it to a refund. *Id.* Analyzing the language of I.C. § 6–1.1–25–4.6(d), we added that "the trigger for the refunds specified under subsection (d) . . . is the trial court's refusal to enter an order directing the auditor to issue the tax deed because of the purchaser's failure to comply with the requirements of the statute." *Id.* However, we clarified that the fact that the trial court must refuse to enter an order presupposes that the purchaser has requested an order by filing a petition under I.C. § 6–1.1–25–6(a). *Id.* Therefore, we concluded that to be entitled to a refund under I.C. § 6–1.1–25–4.6(d), the purchaser must first file a petition for issuance of a deed with the trial court. *Id.* As the trial court never refused to enter this order, we found the provisions for a refund under the tax sale statute inapplicable to the situation at hand. *Id.* at 282. Accordingly, because the statute trumps equity and the Bank failed to file a petition for issuance of a deed, we held the Bank not to be entitled to a refund. *Id.* at 284.

Analyzing our holding and underlying reasoning in both *Mundy* and *Bank Calumet,* we believe *Mundy* to reach the better result. Accordingly, we hold that a "purchaser's failure" as set forth in I.C. § 6–1.1–25–4.6(d) can include the situation where a tax sale purchaser chooses not to meet the statutory requirements of I.C. § 6–1.1–25–4.6. *See Mundy,* 783 N.E.2d at 744.

In the present case, Michiana complied with the initial notice requirements but did not make an attempt to comply with the requirement to file a petition for a tax deed or send the accompanying notices. Instead, Michiana filed its Motions to Re-

fund Purchase Price Minus 25% Penalty based on I.C. § 6–1.1–25–4.6(d) stating that it will be not asking for a tax deed. Accordingly, Michiana chose not to request a tax deed with respect to the properties, and as such, we find that it fulfills the requirements of I.C. § 6–1.1–25–4.6(d) entitling it to a refund of the purchase price minus a twenty-five percent penalty.

### CONCLUSION

In light of the foregoing, we find that the trial court properly decided that Michiana was entitled to a refund of its purchase price minus a penalty of twenty-five percent under Indiana Code section 6–1.1–25–4.6(d).

Affirmed.

VAIDIK, J., and DARDEN, J., concur.