ATTORNEYS FOR APPELLANTS
Nick J. Cirignano
Jean M. Blanton
Evansville, Indiana

ATTORNEY FOR APPELLEE
Scott Richards
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 82S01-0701-CV-2

IN RE:
PARCELS SOLD FOR DELINQUENT TAXES

VANDERBURGH COUNTY AUDITOR, ET AL.,

*Appellants,*

v.

MICHIANA CAMPGROUNDS, LLC,

*Appellee.*

Appeal from the Vanderburgh Superior Court, No. 82D03-0408-MI-3590
The Honorable Robert J. Pigman, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 82A01-0601-CV-13

**September 27, 2007**

**Boehm, J.**

We hold that a purchaser at a tax sale who does not seek an order to issue a deed is not entitled to the partial refund of the purchase price provided in Indiana Code section 6-1.1-25-4.6(d).

**Factual and Procedural Background**

This case turns on the interpretation of several provisions in the statutes governing the sale of property for delinquent taxes. The Tax Sale chapter, Indiana Code section 6-1.1-25, pro-

vides that a tax sale purchaser acquires a deed to property only after meeting a number of requirements. These include the requirement in section 4.5(a) that the purchaser give notice to all persons with substantial interest in the properties of the right to redeem the property and a variety of other matters. Ind. Code § 6-1.1-25-4.5 (2004). After the redemption period expires, section 4.6 requires a petition for an order to issue a deed to be filed and a second notice to be sent informing the same persons of the petition and of the time to object to the deed. I.C. § 6-1.1-25-4.6.

If no deed is ultimately issued, several other provisions govern the purchaser's right to a full or partial refund. Section 4.6(d) provides:

> Except as provided in subsections (e) and (f), if the court refuses to enter an order directing the county auditor to execute and deliver the tax deed because of the failure of the petitioner under subsection (a) to fulfill the requirements of this section, the court shall order the return of the purchase price minus a penalty of twenty-five percent (25%) of the amount of the purchase price. Penalties paid under this subsection shall be deposited in the county general fund.

At the time relevant to this case,[1] section 4.6(e) provided for a full refund plus six percent interest to the purchaser where, despite a "bona fide effort," the purchaser fails to comply with the statutory requirements for the issuance of a tax deed and as a result the court "refuses" to issue the deed. Section 4.6(f) provides that no refund is available if the purchaser fails to provide the first notice under section 4.5. Section 4.5(j)[2] provides that the certificate of sale reverts to the county if the purchaser does not petition for a deed within the time established by section 4.6(a).

Michiana Campgrounds, LLC purchased several properties in a 2004 tax sale in Vanderburgh County, Indiana. Michiana filed petitions for the issuance of tax deeds to other parcels it had purchased at the 2004 sale, but before the redemption period expired, Michiana filed motions for refunds of the purchase prices of the three parcels at issue minus a twenty-five percent penalty. The motion stated that Michiana "has not nor will not be asking for a tax deed" to those

---

[1] This section has since been amended to reduce the amount receivable by a party making a good faith effort, but retaining the requirement that the court "refuse" the deed. See P.L. 89-2007, § 10 (eff. July 1, 2007).

[2] This subsection was found at I.C. 6-1.1-25-4.5(k) at the time this case was briefed. See I.C. 6-1.1-25-4.5(k)(2004); P.L. 169-2006, § 29 (eff. Jan. 1, 2007). It and other subsections have been renumbered on more than one occasion. All citations in this opinion designate subsections by their location as found in the Indiana Code effective July 1, 2007.

properties. After some preliminary skirmishing, the trial court held hearings on the three parcels and ordered the County to refund the purchase prices minus a twenty-five percent penalty. The Court of Appeals consolidated the County's appeals and affirmed the trial court. Vanderburgh Co. Auditor, et al. v. Michiana Campgrounds, LLC, 853 N.E.2d 175, 179 (Ind. Ct. App. 2006). We granted transfer. Vanderburgh Co. Auditor, et al. v. Michiana Campgrounds, LLC, 869 N.E.2d 445 (Ind. 2007). Because the issue is a pure question of law, we review it de novo.

## Refund of Tax Sale Purchase Price

The trial court and the Court of Appeals agreed with Michiana that it was entitled to the refund under section 4.6(d). The County responds that Michiana is not entitled to the refunds because section 4.6(d) allows a refund only where a petition for a tax deed is filed and the trial court refuses issuance of the deed. The County argues that because Michiana issued the first notice under section 4.5 but never attempted to issue the second notice required by section 4.6, Michiana was not "refused" a deed. Rather it chose to fail to fulfill the requirements for issuance of a deed. The County also contends that section 4.5(j), discussed below, addresses situations where, as the County puts it, a "tax sale purchaser simply elects not to file a petition for a tax deed." Michiana does not address section 4.5(j).

Michiana relies on Board of Commissioners v. Mundy, 783 N.E.2d 742 (Ind. Ct. App. 2003). Mundy purchased an Evansville property at a tax sale and sent the initial notice of his purchase. Id. at 743. Slightly more than two months after the sale, the City of Evansville issued an order requiring the property to remain vacant and secure and requiring that the house on the property be razed and the lot cleared and leveled. Id. Mundy responded by filing a motion for refund under section 4.6(d), which the trial court granted. Id. On appeal, the Board argued that section 4.6(d) "does not allow for tax sale purchasers who get buyer's remorse." Id. Specifically, the Board argued that the use of "refuses" in section 4.6(d) dictated that the purchaser must petition for issuance of a deed and be rejected by the court before a refund is available. Id. at 744. The Court of Appeals rejected that contention:

> Under the facts and circumstances before us, where the Board wishes to foster the purchase and rehabilitation of distressed real estate but then notifies the purchaser slightly more than two months after purchase that he will also have the privilege of paying to raze the property, we disagree.

3

Id. at 743.

The Mundy court noted that section 4.6(e) provided that where a purchaser "has made a bona fide attempt to comply with the statutory requirements . . . for the issuance of the tax deed but has failed to comply with these requirements" and the trial court "refuses" to order a deed, the purchaser is entitled to a full refund plus interest. Id. at 744–45. The Mundy court concluded that subsection (e) deals with situations where the purchaser attempts to meet the statute's requirements but fails. Id. at 745. Because subsection (e) addresses failed attempts, subsection (d) must be available to purchasers who do not make a bona fide attempt to obtain a deed. Id. We agree that subsection (d) applies to purchasers who do not make a bona fide attempt to obtain a deed, but the issue remains whether those purchasers must be "refused" before they can obtain the lesser refund available under that subsection.

Lake County Auditor v. Bank Calumet, 785 N.E.2d 279 (Ind. Ct. App. 2003), decided one month after Mundy, concluded that an attempt must be made and refused to qualify under section 4.5(d). In that case, a tax sale purchaser sought a refund before the expiration of the one-year redemption period when it discovered the structure on the property had been demolished by an unidentified party. Id. at 280. The Court of Appeals reversed the trial court's grant of rescission. Id. Observing that the doctrine of caveat emptor had long been applied to tax sales, the Court of Appeals concluded that

> The trigger for the refunds specified under subsections (d) and (e) is the trial court's refusal to enter an order directing the auditor to issue the tax deed because of the purchaser's failure to comply with the requirements of the statute. That a trial court must refuse to enter an order presupposes that the purchaser has requested an order by filing a petition under I.C. § 6-1.1-25-4.6(a).

Id. at 281. Because the purchaser had not filed a petition to issue a tax deed and the redemption period had not yet expired, the trial court had not "refused" to order the issuance of a deed and both subsections (d) and (e) were therefore inapplicable. Id. at 281–82. The Bank Calumet court expressly declined to follow Mundy. Id. at 282 n.2. We granted transfer to resolve the conflict between these two decisions of the Court of Appeals.

We find Bank Calumet more persuasive. Subsection (e) permits a refund to a purchaser who makes a "bona fide" attempt to comply with subsection (b) but fails to meet all of the requirements. Under the statute in effect at the time, by seeking a refund less twenty-five percent,

4

Michiana implicitly conceded it had not made the "bona fide attempt" required for a refund under subsection (e). Michiana nonetheless claims subsection (d) provides for a refund less a twenty-five percent penalty. The critical language in subsection (d) permits the seventy-five percent refund "except as provided in subsection (e) and (f), if the court refuses" to order a tax deed "because of the failure of the petitioner . . . to fulfill the requirements of this section." The "requirements of this section" (i.e., section 4.6) include the requirements in subsections 4.6(b)(4) and (5) that the notices required by section 4.5 have been given and the petitioner has complied with "all the provisions of law entitling the petitioner to a deed." As Bank Calumet pointed out, both subsections (d) and (e) provide for a refund if the trial court "refuses" to enter the order directing the auditor to issue the tax deed. 785 N.E.2d at 281. The County argues that neither section provides for a refund if the purchaser simply decides not to seek a deed, as Michiana did here. The County argues that providing a refund to purchasers like Michiana allows purchasers to "assume very little risk" if they can submit minimum bids at tax sales, then "pick and choose" which properties they think will be profitable and obtain a substantial refund on the others.

We think that the statutory reference to "refusal" purposefully limits refunds to purchasers who go to the time and expense of seeking a deed. Buyer's remorse is not a basis for a refund. As Bank Calumet pointed out, "as far back as [1887], Indiana appellate courts have recognized that the doctrine of *caveat emptor* applies to tax sales in its fullest force, that is, a purchaser at a tax sale buys at his own risk." 785 N.E.2d at 281 (citing State ex rel. Mackenzie v. Casteel, 110 Ind. 174, 179, 11 N.E. 219, 222 (1887)). The Court of Appeals in this case reasoned that subsection (d) was spurious if subsection (e) provided for a full refund. But subsection (e) requires "bona fide" effort to comply with the requirements, and subsection (d) permits only a seventy-five percent refund if the court refuses without a determination that bona fide effort was made. This applies in a somewhat different scenario, and neither is spurious. Michiana also makes the plausible contention that there is no point in requiring the purchaser to jump through the hoop of a failed petition in order to qualify for the partial refund when the purchaser can cause the petition to fail by failing to meet statutory requirements. But the effect of an abandoned pursuit of a deed is to leave ownership of the property in limbo, which can have adverse effects on nearby properties and the economic health of the area. The legislature could have concluded that adding that expense to the process could serve as a deterrent to speculative collection of certificates of sale with little forethought to whether deeds would ultimately be sought.

This is, of course, a matter for the legislature to resolve, and if we have incorrectly interpreted this rather prolix set of provisions, the General Assembly can correct us.

Finally, the County argues that section 4.5(j) addresses situations where the purchaser voluntarily elects not to file a petition for a tax deed. That section was added to the statute in 2003, P.L. 170-2003, § 11 (eff. July 1, 2003), and was not addressed in either Mundy or Bank Calumet or the opinion of the Court of Appeals in this case. Section 4.5(j) provides in pertinent part that "[i]f the purchaser fails . . . to petition for the issuance of a tax deed within the time permitted under section 4.6(a) of this chapter[,] the certificate of sale reverts to the county executive and may be retained by the county executive or sold." We observe that the result we reach today is consistent with the County's view of section 4.5(j). Because we conclude that section 4(d) requires "refusal" by the court, not merely a failure by the purchaser to qualify for a deed, we do not need to address the County's contention that section 4.5(j) is the only provision applicable to a voluntary abandonment of pursuit of a deed. We acknowledge that if section 4.5(j) means what the County urges, it seems slightly misplaced. Sections 4.5(a) through (i) set out the notice requirements and statutory prerequisites for obtaining a tax deed. Thus, subsection (j) is the only provision in section 4.5 addressing the consequences of failure to meet requirements. It therefore seems more appropriately located in conjunction with the three refund provisions found in section 4.6. Placement of section 4.5(j) in the Indiana Code is of little persuasive force in interpreting the section, however, as section 11 also contains a refund provision. See 6-1.1-25-11(a) (2004).

## Conclusion

The trial court's grant of Michiana's motion for refund of the purchase price minus a twenty-five percent penalty is reversed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

6